**Jack DELK, Appellee,**

v.

**DURHAM LIFE INSURANCE COMPANY, Appellant.**

No. 91–2992.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1992.

Decided March 19, 1992.

David H. Pennington, Little Rock, Ark., argued (Ben F. Arnold, appeared on the brief), for appellant.

Martin W. Bowen, West Memphis, Ark., argued, for appellee.

Before FAGG and BEAM, Circuit Judges, and GAITAN,\* District Judge.

PER CURIAM.

Jack Delk (Delk) suffered an eye injury on September 22, 1990, while employed by Spurlock, Inc. (Spurlock). Under an employee benefit plan governed by the Employee Retirement Income Act of 1974, 29 U.S.C. §§ 1001–1461 (1988) (ERISA), Delk was insured through a group health insurance plan issued and underwritten by Durham Life Insurance Company (Durham). The injury occurred during the term of the Durham policy. Spurlock, on December 1, 1990, changed its group health insurance carrier. Delk was still under treatment for

the eye injury and continued to submit medical charges to Durham, contending that he was due benefits under the policy because the injury occurred while the policy was in force. Durham, on the other hand, contended that benefits ceased upon the cancellation of the policy by Spurlock.

A denial of benefits is to be reviewed under a *de novo* standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). The district court found that the plan does not give its administrators the authority to exercise discretion in determining eligibility or construing the terms of the plan. This factual finding by the district court is not clearly erroneous so *de novo* review is appropriate.

■ After applying ordinary principles of interpretation to the plan at issue, *see DeGeare v. Alpha Portland Indus.,* 837 F.2d 812, 816 (8th Cir.1988), the district court found the language of the plan ambiguous. When extrinsic evidence failed to resolve the ambiguities in the language, the court construed the language of the plan against Durham. In *Brewer v. Lincoln Nat'l Life Ins. Co.,* 921 F.2d 150, 153 (8th Cir.1990), we held that the Missouri rule of construction that requires ambiguities to be construed in favor of the insured could not be used in interpreting the terms of a plan governed by ERISA. There, we were able to resolve the ambiguity in the language by interpreting the language as would "an average plan participant." *See id.* at 154 (quoting 29 U.S.C. § 1022(a)(1) (1988)). The language at issue in *Brewer* ceased to be ambiguous when it was accorded its ordinary, and not specialized, meaning. *Brewer,* 921 F.2d at 154.

■ Here, however, as the district court aptly demonstrated, the language remains ambiguous even after applying the approach in *Brewer.* Therefore, the district court correctly used the principle of *contra*

\* The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western    District of Missouri, sitting by designation.

*proferentem* and construed the ambiguous language against Durham. As a matter of federal common law, a court construing plans governed by ERISA should construe ambiguities against the drafter only if, after applying ordinary principles of construction, giving language its ordinary meaning and admitting extrinsic evidence, ambiguities remain. *See DeGeare,* 837 F.2d at 816 (stating that "[c]onstruing ambiguities against the drafter should be the last step of interpretation, not the first step"); *see also Taylor v. Continental Group Change In Control Severance Pay Plan,* 933 F.2d 1227, 1233 (3rd Cir.1991).

Accordingly, we affirm the judgment of the district court.