815 F.Supp. 1281 (1993)
Jane DOE, Plaintiff,
v.
GENERAL AMERICAN LIFE INSURANCE, CO., Defendant.
No. 91-1957C(5).
United States District Court, E.D. Missouri, E.D.
March 16, 1993.
*1282 David Campbell, St. Louis, MO, for plaintiff.
Ralph Hart, Associate, Kortenhof and Ely, St. Louis, MO, for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court on the parties' cross-motions for summary judgment. The case was set for trial on September 21, 1992 and was actually presented to the Court on September 24, 1992. The parties agreed, in lieu of trial, to submit the entire case on the basis of the pending summary judgment motions, together with affidavits, responses, and additional documentary evidence. Both parties have objections to the submission of certain exhibits, mainly affidavits of the plaintiff and hospital personnel and deposition testimony of hospital personnel. Defendant strenuously objects to the expert deposition testimony (with attached exhibits) as inadmissible in an ERISA case. The exhibits and the objections raised are noted in the court record. After careful consideration of the objections raised and the caselaw cited in support, the Court determines that all evidence will be admitted. However, with respect to the affidavits of the plaintiff and the hospital personnel, and the deposition testimony of Dr. David L. Ohlms, *1283 the Court considers such evidence to have little significant impact upon the Court's final determination in this matter.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
On or about October 18, 1992 plaintiff was admitted to the Hyland Center[1] for chemical dependency treatment related to her use of cocaine. At the time of her admission, plaintiff was a member of the United Food and Commercial Workers Union, Local 88. As a member of Local 88, plaintiff was a participant in the Local 88 Health and Welfare Group Health Plan. This plan was issued to Local 88 by the defendant.
The health plan policy in question covers chemical dependency treatment for alcoholism, but contains a provision excluding treatment for "injury or sickness arising out of the use of: a) narcotics; b) hallucinogens; c) barbiturates; d) marijuana; e) amphetamines; or similar drugs or substances." Plaintiff's Exhibit 1[2]  Local 88 Health and Welfare Group Health Plan, Policy No. MCP-4093, pg. 8E. This exclusion further notes that "[t]his exception shall not apply if the drug or substance was i) legally prescribed by a doctor, and ii) the amount taken by the insured individual did not exceed the usual amount that would be authorized by one doctor for the treatment of the medical condition for which it was prescribed."
At the time of her admission, plaintiff did not consult with the defendant as to coverage for her treatment for cocaine addiction. Plaintiff was told that her treatment was covered in a conversation with hospital personnel. *1284 Plaintiff further states that she consulted with an unnamed individual at Local 88 and was told her treatment was covered under the health plan.
In connection with the treatment administered to Ms. Doe, St. Anthony's Medical Center billed GENELCO, the plan's administrator. In error, the billing clerk used a code which indicated that the treatment was for alcoholism. In response to the bill and under the belief that Ms. Doe's treatment was for alcoholism, GENELCO paid the bill. Upon finding out that treatment was not for alcoholism, but rather for cocaine addiction, GENELCO requested and received reimbursement from St. Anthony's Medical Center for the payment it contended was made in error. St. Anthony's Medical Center has now turned to plaintiff Doe for payment of her hospital bill.
Plaintiff has filed suit, pursuant to the Federal Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et. seq., against defendant challenging the denial of benefits under the Local 88 health plan. 29 U.S.C. § 1132(a)(1)(B). She contends that 1) cocaine is not pharmacologically a narcotic, therefore not within the exclusion provisions of the plan; 2) Missouri law requires the defendant to provide coverage for cocaine addiction treatment; and 3) defendant is estopped from denying coverage because plaintiff detrimentally relied upon their initial assertion that her treatment was covered under the health plan. Defendant asserts that ERISA preempts all state law, including state law regarding construction of contracts and promissory estoppel. It further contends that under ERISA, contract terms are to be accorded their ordinary meaning as understood by a layperson, not specialized meaning provided by experts. Thus, defendant argues that an expert's testimony as to whether or not cocaine is pharmacologically a narcotic is irrelevant; what is relevant is the common understanding of most persons that cocaine is a narcotic or at least an illegal drug falling within the categories provided in Exclusion Clause 10.
It is clear that a challenge to a denial of benefits under 29 U.S.C. § 1132(a)(1)(B) is reviewed under a de novo standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); Farley v. Benefit Trust Life Ins., 979 F.2d 653 (8th Cir.1992); Finley v. Special Agents Mut. Ben. Assn., 957 F.2d 617, 619 (8th Cir.1992). The parties make no specific mention in their pleadings as to the applicable standard of review in this case, although the defendant makes a passing reference to this Court utilizing the "arbitrary and capricious" standard of review. This Court has carefully reviewed the entire health plan in question and although it appears that there may be some support for the defendant having authority to determine what treatment is "medically necessary" and entitled to benefits, it does not appear that any such discretion exists on the issue of exclusions. Furthermore, since the parties fail to address this issue, it is apparently undisputed that the defendant General American has no such discretion under the terms of the Local 88 health plan regarding the issue of exclusions. Therefore, this Court will review Exclusion No. 10 (the drug exclusion) de novo.
ERISA is a broad comprehensive regulation that preempts state laws relating to employee benefit plans unless the state law "regulates insurance, banking, or securities." 29 U.S.C. § 1144(a) and (b)(2)(A). This broad preemption applies to all state laws that have any direct or indirect relation to employee benefit plans even if the state laws were not designed specifically for that purpose. Shaw v. Delta Air Lines, 463 U.S. 85, 96-98, 103 S.Ct. 2890, 2899-2900, 77 L.Ed.2d 490 (1983); Brewer v. Lincoln Nat'l Life Ins., 921 F.2d 150, 153 (8th Cir.1990). State statutory as well as common law causes of action are preempted. Kanne v. Connecticut General Life Ins., 859 F.2d 96, 100 (9th Cir.1988).
In construing the drug exclusion clause de novo, the Court must look at the terms of the health plan without deference to either parties' interpretations. Bruch, 489 U.S. at 112, 109 S.Ct. at 955; Finley, at 619. *1285 Furthermore, the Missouri rule of construction that requires ambiguities to be construed in favor of the insured can not be used in interpreting the terms of the instant health plan. Delk v. Durham Life Ins., 959 F.2d 104, 105 (8th Cir.1992); Finley, at 619; Brewer, at 153-4. It is well-established in the Eighth Circuit that the Court must first attempt to resolve the ambiguity in the plan language by interpreting the language as would "an average plan participant". Brewer, at 154; 29 U.S.C. § 1022(a)(1). If the language remains ambiguous after applying the approach in Brewer, then the Court may consider extrinsic evidence as long as "the meaning derived does not amount to an oral modification but is instead a clarification of provisions already in effect." Farley, 979 F.2d at 657. Finally, if all else fails, and the ambiguity remains, the plan should be construed against the insurer. "As a matter of federal common law, a court construing plans governed by ERISA should construe ambiguities against the drafter only if, after applying ordinary principles of construction, giving language its ordinary meaning and admitting extrinsic evidence, ambiguities remain." Delk, at 106 citing DeGeare v. Alpha Portland Industries, 837 F.2d 812, 816 (8th Cir. 1988).
In the present case, the issue is whether cocaine falls within the exclusionary language contained in the policy. Since cocaine addiction is not specifically named as being covered under the policy nor is cocaine specifically listed in one of the five drug exclusion categories, the Court finds that on its face, the language contained in the drug exclusion clause is ambiguous.
However, the Court finds the ambiguity to be readily resolved when one examines the entire clause in the context as a layperson would commonly understand. The plaintiff urges the Court to rely upon the expert testimony of Dr. Ohlms as the primary source of factors to consider regarding the classification of cocaine as a narcotic or otherwise. However, as the Court pointed out in Brewer, "[i]t would be improper and unfair to allow experts to define terms that were specifically written for and targeted toward laypersons ... the terms should be accorded their ordinary, and not specialized, meanings." Id., at 154. Consequently, this Court need not be concerned with cocaine's "pharmacological" similarities or dissimilarities with narcotics, hallucinogens, barbiturates, marijuana, or amphetamines. What the Court must be concerned with is what the ordinary person understands cocaine to be and how that understanding relates to the clause in question.
Cocaine is a drug that is illegal to buy, sell, or possess in this country. In legal terms, it is referred to as a "controlled substance". The drug categories listed in the exclusion clause are all broad categories of drugs commonly considered to contain specific drugs that are illegal to buy, sell, or possess. However, the exclusion clause does recognize that within these categories are some specific drugs that although may be considered to be a "controlled substance" still can be legally prescribed. Of all the categories, "narcotics" is the broadest category since the term "narcotic" has come to have a generic meaning for drugs considered to be illegal. It is clear to this Court that this exclusion clause does not encompass a drug, which although technically falling within one of these categories, is legally prescribed and unfortunately becomes a source of addiction to the insured, e.g. Valium or Seconal. As far as this Court knows, and no evidence has been admitted to the contrary, cocaine is not a drug that is normally prescribed for any medically recognized purpose.
This Court finds that cocaine is commonly understood by laymen to be a "narcotic" that is not used for medicinal purposes. As such, this Court finds that plaintiff's treatment for cocaine abuse falls within the exclusionary language of the Local 88 health plan.
The Court further finds that Missouri's statutory laws regarding insurance coverage for chemical dependency, specifically § 376.779 R.S.Mo., is preempted by ERISA and is irrelevant to these proceedings. Furthermore, assuming arguendo, that § 376.779 was relevant to these proceedings, it is clear that the statute does not require that coverage for drug addiction be provided, only that it be offered as optional coverage under the main health insurance policy. See, *1286 Op.Atty.Gen. No. 74, Ahr, 6-21-82. Finally, § 376.779 does not provide for an independent cause of action.
Plaintiff's final claim is one of promissory estoppel. She asserts that since a representative of defendant told Hyland Center that her treatment was covered, that someone at Local 88 told plaintiff that her treatment was covered, and that defendant initially paid plaintiff's hospital bill (albeit undeniably under the mistaken belief that treatment was for alcoholism), defendant is now estopped from denying her benefits by claiming that her cocaine addiction treatment is excluded under the policy.
The courts are split as to whether there exists a federal common law doctrine of equitable or promissory estoppel under ERISA. See, Coonce v. Aetna Life Ins., 777 F.Supp. 759, 768-71 (W.D.Mo.1991) (citations omitted). In Cochran v. A.T. & T. Technologies, 753 F.Supp. 284, 288 (E.D.Mo.1991), this Court noted that the Eighth Circuit had approved the use of promissory estoppel in ERISA cases; however the Court neglected to further note that the Eighth Circuit's approval of the use of promissory estoppel was not a recognition of a federal common law doctrine of promissory estoppel but rather an application of Minnesota state law. This distinction is duly noted by Judge Whipple in Coonce. Coonce, at 769. This Court concurs with Judge Whipple's exhaustive analysis of the current split of authority on the question of whether a claim for equitable or promissory estoppel may be raised under ERISA. The Court also agrees with Judge Whipple's findings that the Eighth Circuit has yet to recognize a federal common law right of action for promissory estoppel under ERISA. Id., at 770. Judge Whipple went on to find that based upon Eighth Circuit caselaw, the facts of the case before him warranted finding a federal common law claim for equitable estoppel.
However, in the present case, the facts do not warrant a finding of a federal common law claim for promissory estoppel. The doctrine of promissory estoppel asserts that a party who makes a misleading representation to another party, who then reasonably relies upon the misrepresentation to his or her detriment, may not deny that representation. Farley, 979 F.2d at 659-60. There are four essential elements of promissory estoppel: 1) a promise; 2) detrimental reliance; 3) injustice can only be avoided by enforcement of the promise; and 4) the promiser should have or did in fact clearly foresee the precise action which the promisee took in reliance. Cochran, at 289 citing A.L. Huber & Son v. Jim Robertson Plumbing, 760 S.W.2d 496, 498 (Mo.App.1988). The defendant must have made a binding offer in the form of a promise, and the promise must be sufficiently definite and delineated to support a claim of detrimental reliance. Cochran, at 289 citing Burst v. Adoph Coors Co., 650 F.2d 930, 932 (8th Cir.1981) and Bower v. A.T. & T., 852 F.2d 361, 366 (8th Cir.1988).
Plaintiff's evidence in support of her claim of promissory estoppel consists of hearsay evidence regarding statements allegedly made to hospital personnel by a representative of defendant and a statement allegedly made to her by a representative of Local 88. Plaintiff offers no evidence that any representative of defendant personally and directly stated to her that her treatment for cocaine addiction was covered under the health plan in question. Plaintiff offers no evidence that anyone connected with the defendant made any type of statement to her that could reasonably be interpreted as representing that coverage was provided for her cocaine abuse treatment. Plaintiff offers no evidence that she obtained treatment for her cocaine addiction based upon statements or representations of defendant to her that her treatment was covered by the policy. The Court can find no evidence that defendant made a definite and specific offer to plaintiff that if she obtained treatment for her cocaine addiction, it would be covered under the Local 88 health plan. Under these circumstances, defendant General American is not estopped from enforcing the exclusion provisions of the policy.
The Court finds that no issue of material fact exists concerning the non-coverage of plaintiff's cocaine abuse treatment pursuant to the exclusionary language of the Local 88 health plan, and that defendant is entitled to judgment as a matter of law.

*1287 ORDER
In accordance with the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED. Judgment is entered in favor of defendant and against plaintiff on the merits of plaintiff's complaint.
NOTES
[1] The Hyland Center is a specialized chemical dependency medical unit associated with St. Anthony's Medical Center. The pleadings refer to both interchangeably in regards to plaintiff's treatment.
[2] A majority of the exhibits in this case had been previously filed in an earlier action brought by plaintiff Jane Doe against defendant GENELCO, the health plan's administrator. That case, Cause No. 89-416(7) was tried before the Honorable Jean C. Hamilton and judgment was entered in favor of defendant GENELCO because it was not the proper party defendant. When plaintiff (re)filed her case in this Court against the present defendant, the parties refiled the exhibits that had previously been filed in Judge Hamilton's court.