743 S.E.2d 827

**Shannon HUTCHINSON, Personal Representative of the Estate of Stephen F. Ney, a/k/a Steve K. Ney, Petitioner,**

v.

**LIBERTY LIFE INSURANCE COMPANY, Respondent.**

Appellate Case No.2011–194466.

No. 27264.

Supreme Court of South Carolina.

Heard April 2, 2013.

Decided June 12, 2013.

Kenneth C. Anthony, Jr., of The Anthony Law Firm, PA, of Spartanburg, for Petitioner.

Kevin Kendrick Bell and Rebecca Ann Roser, both of Robinson McFadden & Moore, PC, of Columbia, for Respondent.

Justice PLEICONES.

Petitioner is the beneficiary of a mortgage life insurance policy. She brought this suit against respondent, the insurer, after it denied her benefits under an exclusion for injury resulting from the insured's being "under the influence of any narcotic." It is undisputed that petitioner's decedent was under the influence of methamphetamine at the time of his accidental death. The circuit court granted petitioner summary judgment holding that methamphetamine is not a narcotic. The Court of Appeals reversed, holding the plain and ordinary meaning of narcotic in an insurance policy to a layperson is understood to include methamphetamine "based on its widespread illegal use." *Hutchinson v. Liberty Life Ins. Co.*, 393 S.C. 19, 709 S.E.2d 130 (Ct.App.2011). We granted petitioner's request for a writ of certiorari and now reverse.

## FACTS

Decedent was a long-distance truck driver who died at the scene of a one-truck accident in Illinois. The death certificate gives the immediate cause of death as "blunt chest trauma" with "motor vehicle crash" as the underlying cause. It also lists "methamphetamine use" as an "other significant condition[s] contributing to death but not resulting in the underlying cause given." The Illinois autopsy lab report is negative for narcotics but positive for both amphetamine and methamphetamine.

Respondent denied petitioner benefits under exclusion (h) of the decedent's policy. Exclusion (h) provides:

A Benefit will not be payable under this Certificate if your Accidental Death results directly or indirectly from:

. . .

(h) injury as a result of the insured being under the influence of any narcotic unless administered on the advice of a physician and taken in the dosage prescribed

. . . .

This exclusion is derived from S.C.Code Ann. § 38–71–370(9) (2002), which permits an exclusion "for any loss resulting from the insured being drunk or under the influence of any narcotic

unless taken on the advice of a physician." A similar provision has been a part of our statutory law since the adoption of the Insurance Code in 1947. *See* 1947 Act No. 232, § 5 VIII p. 429, permitting an insurer to exclude coverage "for death, injury incurred or disease contracted while the insured is intoxicated or under the influence of narcotics unless administered on the advice of a physician." Over time the narcotics clause has been slightly altered, while the broad intoxication clause has been narrowed to a "drunk" standard.[1]

█ Petitioner contends the Court of Appeals erred in holding as a matter of law that methamphetamine is commonly understood to be a narcotic based upon its "widespread illegal use." We agree. The Court of Appeals read the exclusion to deny coverage for any injury resulting from unlawful use of popular intoxicating substances. In our opinion, this reading rewrites rather than interprets the insurance policy's exclusionary clause.

█ Words in insurance contracts are to be given their "plain, ordinary and popular meaning." *Whitlock v. Stewart Title Guar. Co.*, 399 S.C. 610, 732 S.E.2d 626 (2012) (internal citations omitted). Whether language is ambiguous is a question of law for the Court, and any ambiguous terms are to be construed liberally in favor of the insured. *Id.* Further, exclusionary terms in a policy are narrowly construed to the benefit of the insured. *McPherson v. Michigan Mut. Ins. Co.*, 310 S.C. 316, 426 S.E.2d 770 (1993).

The Court of Appeals appears to have read the term "narcotic" in exclusion (h) to mean any drug widely known to be used illegally. In our view, the use of the term "narcotic" in the exclusion rather than "unlawful drug" or "unlawful use of drug" creates, at minimum, an ambiguity as 'narcotic' is a defined type of controlled substance rather than a generic term for illegally used substances. If there is any ambiguity,

1. While the parties argued to the Court of Appeals that exclusion (h) should be interpreted using rules of statutory construction, the court did not reach that issue nor do we. We simply note that it is doubtful that in 1947 'narcotic' was understood to embrace methamphetamine, just as today it is defined as a controlled substance but not a narcotic. S.C.Code Ann. § 44–53–110 (2002).

*McPherson, supra,* it must be construed in favor of the petitioner. *Whitlock, supra.*

On certiorari, respondent relies, as did the Court of Appeals, on *Doe v. Gen. Am. Life Ins. Co.,* 815 F.Supp. 1281 (E.D.Mo.1993). In *Doe,* the question was whether cocaine was within an insurance exclusion that excluded treatment for conditions "arising out of the use of: a) narcotics; b) hallucinogens; c) barbiturates; d) marijuana; e) amphetamines; or other similar drugs or substances." The *Doe* court held the drug exclusion clause was ambiguous, and that "the Missouri rule of construction that requires ambiguities to be construed in favor of the insured cannot be used in interpreting the terms of the instant health plan." *Doe* at 1285. Although the court resolved the ambiguity by concluding cocaine was commonly understood to be a narcotic, we do not find *Doe* aids respondent. First, our state rules of insurance policy construction favoring the insured do apply. Second, the exclusionary language in *Doe* was much broader than exclusion (h), and the *Doe* court could easily have found cocaine to be within the exclusion's catchall phrase "or similar drugs or substances." Finally, at least in South Carolina, cocaine is unambiguously defined as a narcotic. § 44–53–110. The other cases relied upon by the Court of Appeals are all criminal decisions, and appear to involve loose language in an opinion [2] or sloppy drafting in search warrants,[3] or to be relying upon testimony about drug use in a Hell's Angels clubhouse [4] or reciting the opinion of an expert witness.[5] Whatever the individual merits of these criminal decisions, none were subject to the rules of construction applicable to this insurance policy exclusion.

## CONCLUSION

The Court of Appeals erred in reversing the trial court's order because, applying our rules of insurance policy construc-

---

**2.** *United States v. Campos,* 306 F.3d 577, 580 (8th Cir.2002).

**3.** *United States v. Robinson,* 2008 WL 4790324 (E.D.Mo. October 29, 2008) (warrant stated narcotics but incorporated document specified meth).

**4.** *United States v. Real Property Known as 77 East 3rd St.,* 869 F.Supp. 1042 (S.D.N.Y.1994).

**5.** *State v. Carmichael,* 99 Hawai'i 75, 53 P.3d 214 (2002).

tion, methamphetamine is not a narcotic within the meaning of Exclusion (h).

**REVERSED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.