**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Permanent General Assurance Company, Respondent,

v.

Karen D. Givens, Individually and as Personal Representative of the Estate of E. C. Givens, and Kayla Givens, Appellants.

Appellate Case No. 2013-000198

Appeal From Charleston County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2014-UP-223
Heard February 19, 2014 – Filed June 18, 2014

**AFFIRMED**

Donald Jay Budman, of Soloman, Budman & Stricker, LLP, of Charleston, for Appellants.

Adam J. Neil and Wesley Brian Sawyer, both of Murphy & Grantland, PA, of Columbia, for Respondent.

**PER CURIAM:**  Karen Givens, individually and as personal representative of the estate of her minor daughter, and Kayla Givens (collectively Appellants) appeal the order of the trial court ruling Permanent General Assurance Company

(Permanent General) was not obligated to provide liability insurance coverage to the estate of Karen Givens's minor daughter.

We disagree with Appellants' argument. The language of the Permanent General policy (Policy) provided coverage for at least thirty days from the date of acquisition of the Buick Century. "Insurance policies are subject to the general rules of contract construction." *Bennett & Bennett Constr., Inc. v. Auto Owners Ins. Co.*, 405 S.C. 1, 4, 747 S.E.2d 426, 427 (2013). The words in an insurance contract are to be given their "plain, ordinary and popular meaning." *Hutchinson v. Liberty Life Ins. Co.*, 404 S.C. 20, 23, 743 S.E.2d 827, 829 (2013). The Policy clearly provides the coverage for a newly-acquired vehicle is for thirty days unless the policy expires or is cancelled during that thirty day period. In that case, the coverage on the newly acquired vehicle would end with the expiration or cancellation of the Policy.

We find no merit to Appellants' assertions that Permanent General extended coverage on the Buick Century past the cancellation date of the Policy. The Buick Century was added to the Policy and Permanent General informed Karen Givens that the Policy would be cancelled if payment was not received by March 16, 2011 at the latest. When Permanent General cancelled the Policy, coverage on both the originally covered vehicle and the Buick Century ended.

We disagree with Appellants' argument that section 56-10-280 of the South Carolina Code (Supp. 2013) mandates coverage on the Buick Century at the time of the accident. Section 56-10-280(A)(4) provides a contract or policy of insurance may be canceled within the first sixty days when the insured fails to pay the premium when due. However, this section further provides: "The contract or policy of insurance must remain in effect for at least thirty days." § 56-10-280. "The primary purpose in interpreting statutes is to ascertain the intent of the Legislature." *Cain v. Nationwide Prop. & Cas. Ins. Co.*, 378 S.C. 25, 29, 661 S.E.2d 349, 351 (2008). The appellate court cannot construe a statute without regard to its plain and ordinary meaning, and it may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope. *Id.* at 29, 661 S.E.2d at 351-52. The addition of a new vehicle is a "change" to an existing policy. *Smith v. S.C. Ins. Co.*, 350 S.C. 82, 89, 564 S.E.2d 358, 362 (Ct. App. 2002). The Policy was in effect for at least thirty days before Permanent General cancelled it.

**AFFIRMED.**

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**