20877

In the Matter of Jack Francis McGUINN, Respondent.

(252 S. E. (2d) 122)

*Atty. Gen., Daniel R. McLeod, Asst. Atty. Gen., Richard B. Kale, Jr., Kale R. Alexander* and *David A. Fedor,* Columbia, for complainant.

*Joseph L. Nettles* and *John P. Freeman,* Columbia, *for respondent.*

February 7, 1979.

*Per Curiam:*

This disciplinary action against respondent McGuinn resulted from his representation of the husband in the protracted divorce litigation of *Davis v. Davis.* We agree with the Panel and the Executive Committee that respondent is guilty of misconduct, and we adopt the Executive Committee's recommendation of a public reprimand.

The complaint against respondent McGuinn, brought by counsel for Mrs. Davis, alleges he signed his secretary's signature as notary public on two affidavits submitted to Judge Cobb in support of a motion to recuse. Respondent admitted signing his secretary's name, but stated this was a long standing practice in his office. While respondent asserted

his secretary ratified the signatures, she was not called to testify at the hearing.

This Court is shocked by respondent's abuse of the office of notary public. A notary is a public officer, who, by his hand and seal, authenticates certain classes of documents. See Code §§ 26-1-10 *et seq.* (1976) ; 66 C. J. S. Notaries § 1, *et seq.* The credibility of notarized documents is essential to the viability of our legal system.

Mr. McGuinn displayed a callous disrespect for the office by signing his secretary's name to the affidavits. The fact that this fraudulent act was allegedly performed pursuant to office practice is not exculpatory. The forgery of a signature on a court document is a fraud upon the court; we cannot conceive of any justification for such conduct. The affidavits prepared and falsely authenticated by respondent were null and void.

Moreover, the affidavit of Mr. Davis was conceded by respondent to be false and inflammatory. It charges Mrs. Davis' counsel with bragging about "fixing" the trial judge and further asserts the counsel threatened to tear Mr. Davis "limb from limb."

At least four persons testified before the Panel that the remarks attributed to Mrs. Davis' counsel were patently false. Respondent, himself, admitted to overstating the facts in the affidavit, but contended this was due to his haste and his health problems.

This Court is neither unaware of nor unsympathetic to respondent's disability. However, an attorney's personal problems are not an excuse for professional misconduct. Respondent Jack Francis McGuinn is hereby publicly reprimanded for his misconduct as an attorney.