21220

In the Matter of Walter Warren BROOKS, Respondent.

(267 S. E. (2d) 74)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Keith M. Babcock,* Columbia, *for complainant.*

*Robert R. Carpenter,* Rock Hill, *for respondent.*

May 6, 1980.

*Per Curiam:*

This is a disciplinary matter. Respondent Walter W. Brooks was admitted to the Bar of this State in 1966. Since his admission respondent has actively engaged in the practice of law, devoting the vast majority of his time to criminal defense at the trial level.

This proceeding was initiated pursuant to our previous Rule on Disciplinary Procedure[1] by the service of a Notice and Complaint on January 20, 1977. The final Amended Complaint charged respondent with a garden variety of

---

[1] That rule, as amended on June 12, 1975, was rescinded and replaced by our present rule which became effective January 9, 1978.

twenty-one separate acts of misconduct, most of them directly involving him in alleged criminal activity. The matter came on for a panel hearing on July 19, 1978, which proceedings continued through August 20, 1978. Three of the twenty-one charges were stricken by the panel, and the remaining eighteen allegations grouped into thirteen separate categories for purposes of consideration and decision.

All three panel members agreed that seven of the thirteen categories of charges should be dismissed for lack of proof, since the allegations rested on the sole testimony in each instance of one of various convicted felons and drug dealers called to testify against respondent. Other charges were similarly dismissed by the majority of the panel, which ultimately found respondent guilty of two acts of misconduct. The panel members differed in their individual recommendations of sanction. The overall view unanimously adopted by the Executive Committee of the Board of Commissioners on Grievances and Discipline was that respondent receive a public reprimand. However, one panel member concluded a private reprimand was sufficient to the extent of his individual findings of misconduct; whereas, the panel chairman was of the view that respondent was also guilty of additional acts of misconduct, and recommended he be permanently disbarred.

This Court is not bound to accept the recommendation of the hearing panel adopted by the Executive Committee as set forth in its final report and certified to the Court. The duty of adjudging the professional conduct of members of the Bar and taking appropriate disciplinary action therefor, if warranted, rests exclusively with this Court. See cases collected in West's South Carolina Digest, *Attorney and Client,* at Key Number 57. The distinct nature of these proceedings was aptly described in the case of *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 (1960):

The fallacy underlying these contentions [respondents' exceptions] is that they overlook the following fundamentals: that this is not a criminal proceeding nor an appeal from the judgment of a lower court; that the Board of Commissioners on Grievances and Discipline are officers of this court, commissioned and charged with the duty of investigating alleged misconduct on the part of their fellow members of the bar of this State and of reporting to this court the proceedings of their inquiry, and their findings and recommendations; that the Board's report is advisory only, this court being in nowise bound to accept its findings of fact or to concur in its recommendations; and upon this court alone rests the duty and the grave responsibility of adjudging, from the record, whether or not professional misconduct has been shown, and of taking appropriate disciplinary action thereabout.

117 S. E. (2d) at 307.

The first act of misconduct which the panel found is evidenced by respondent's conviction in the Court of General Sessions for Richland County for failure to obey a police order to stop in violation of the "blue light law." Section 56-5-750, Code of Laws of South Carolina (1976). Respondent was sentenced to serve three years or pay a fine of $3,000.00. This charge is admitted by respondent. The panel and Executive Committee were of the opinion that respondent thereby engaged in conduct prejudicial to the administration of justice in violation of Disciplinary Rule 1-102(A)(5) of the Code of Professional Responsibility (Rule 32 of the Supreme Court Rules of Practice). We accept the findings of the panel and board and concur in the conclusion of misconduct.

The overall report also contained a finding that respondent, in the course of preparing for the trial of the blue light offense, caused to be prepared an affidavit for the signature of one of the police officers involved in the chase and arrest of respondent which knowingly misrepresented the incident.

The affidavit was found to contain statements designed to diminish the degree of respondent's culpability with respect to the blue light offense. We have thoroughly examined the record and conclude the evidence sustains the finding of the panel and board in respect to the preparation of the false affidavit, and adjudge this conduct to once again violate Disciplinary Rule 1-102(A)(5). We are of the further opinion that respondent, by causing this affidavit to be so prepared, has engaged in conduct involving dishonesty, fraud and misrepresentation in violation of Disciplinary Rule 1-102(A)(4).

The affidavit was typed by respondent's secretary who also obtained the signature of the affiant. The affidavit was then falsely and fraudulently notarized by the secretary who signed her sister's name to the notarial certificate. When the fact that the secretary's sister was not a notary came to light, a false application was then prepared in the sister's name and signed by the secretary for her appointment to the office of notary public. The majority of the panel found that respondent's participation was limited to the preparation of the affidavit, and the compounding fraudulent acts surrounding its notarization were accomplished by respondent's secretary without his knowledge or assent. We reject this finding.

In arriving at its earlier conclusion that respondent prepared or caused to be prepared the affidavit, the majority panel noted that the fiercely competitive nature of respondent aided in their conclusion because he would not have remained a detached bystander in his own defense of the blue light charge. We find this to be equally compelling in arriving at our independent conclusion that the acts occurred substantially as the secretary related to the panel, and not as respondent would have us believe. We find, as did the panel chairman, that respondent was advised of the problems with respect to the notarization of the affidavit and had full knowledge of the fraudulent actions taken by the secretary. We

concur in the minority opinion of the panel chairman with respect to these additional charges which deserve sanction as well. Cf. *In Matter of McGuinn*, 272 S. C. 366, 252 S. E. (2d) 122 (1979) [where an attorney who signed his secretary's name to notarial certificates on affidavits submitted to the court was publicly reprimanded].

There are numerous charges that link respondent with the illegal trafficking of drugs. We are in agreement with the recommendations below that there is not clear and convincing proof of respondent's guilt as to these charges, with the following exception.

Respondent is charged with financing a drug deal for one David Michael Hayden in early 1974. It is undisputed that respondent loaned Hayden $6000.00 on March 13, 1974, and received Hayden's promissory note for $10,000.00 payable on or before April 13, 1974. On April 30, 1974 Hayden repaid either $5,500.00 or $6000.00 of the indebtedness. It is also undisputed that Hayden was convicted in 1975 of possession with intent to distribute cocaine, and later convicted of conspiracy to distribute cocaine. Respondent represented Hayden in both cases.

Hayden testified the $6000.00 loan from respondent was to underwrite a marijuana deal expected to reap an eight thousand dollar profit, with respondent's share of the gain being one-half, or $4000.00. Thus, the note was for return of the investment plus the anticipated share of the profits. The deal fell through, and Hayden eventually repaid most, if not all, of respondent's investment.

Respondent's account of this venture was that the money was advanced for a speculative real estate deal involving the purchase of an option on some land in Orangeburg County. Hayden was at that time a salesman for J. J. Barker, a real estate broker.

In accepting respondent's version, the overall panel report rejected Hayden's testimony, finding it incredible that

respondent would finance a drug deal for a person he had little knowledge of, and then evidence the scheme with the promissory note. The panel chairman concluded otherwise, finding it incredible that respondent would have loaned Hayden $6000.00 for a legitimate real estate deal and that Hayden would in turn have signed a $10,000.00 note payable to respondent securing the deal. We agree with the findings of the panel chairman.

Hayden was called to testify before the panel three times, but only on the third occasion after he had received assurances of immunity from both state and federal authorities did he finally reveal his conspiracy with respondent to traffic in marijuana. We are clearly convinced that respondent advanced Hayden the $6000.00 to finance a drug deal. This misconduct standing alone warrants a severe sanction. *In Matter of Kaylor,* 273 S. C. 40, 253 S. E. (2d) 654 (1979).

While the sanction of a public reprimand may be commensurate with the extent of misconduct found by the majority of the panel and adopted by the Executive Committee, the further acts of misconduct found by the panel chairman and this Court decry the responsibility and trust vested in each member of the Bar of this State upon his or her admission by this Court. The gravity of the misconduct displayed by respondent mandates the sanction of disbarment.

It is therefore ordered that respondent Walter Warren Brooks be, and he is hereby, disbarred from the practice of law in this State. He shall immediately surrender to the Clerk of this Court the certificate heretofore issued admitting him to the practice of law.

Disbarred.

HARWELL, Justice (dissenting):

A majority of the hearing panel recommended a public reprimand and upon review it was the unanimous opinion of the Executive Committee that the appropriate sanction should be a public reprimand.

I have reviewed the record in this matter and although there are numerous charges, I do not feel the complainant has met the burden of proof by clear and convincing evidence. A conviction for failing to stop for a blue light is not such as to warrant disbarment. It is interesting to note that this is the respondent's only conviction, although it is alleged in this grievance matter that he was involved in numerous serious violations of the law. Nowhere is it alleged that he has ever been charged or convicted by the Federal or State Governments with any other criminal act.

I can only conclude that the appropriate law enforcement agencies as well as the hearing panel and the Executive Committee of the Board of Commissioners on Grievances and Discipline also view the testimony presented in this case as less than credible . I would adopt the report of the panel which was concurred in by the Executive Committee and impose a public reprimand as the appropriate sanction.

NESS, J., concurs.