21814

In the Matter of Gary Michael WOOD, Respondent.
(298 S. E. (2d) 89)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. John M. Cox*, Columbia, *for complainant.*

*Gary M. Wood*, Spartanburg, *pro se.*

Nov. 24, 1982.

*Per Curiam:*

The hearing panel and the executive committee of the Board of Commissioners on Grievances and Discipline recom-

mend respondent, Gary M. Wood, be publicly reprimanded for professional misconduct. We agree with their findings, but believe indefinite suspension to be the more appropriate sanction.

The allegations of misconduct arise from two separate matters.

## I. *The Brenda McDaniel Matter*

Respondent was retained by Brenda McDaniel to recover damages for personal injuries allegedly caused by the negligence of Spartanburg Water Works. Respondent failed to file a verified claim within the statutory time limit of 180 days, and the claim was dismissed. Respondent then filed a notice of intent to appeal and obtained an extension of time for submitting his proposed case and exceptions. He failed to further prosecute the appeal and it was dismissed. None of these developments was timely made known to the client.

While we recognize that even the conscientious can run afoul of a deadline, respondent's neglect of his client's claim is aggravated by several factors: (1) he was fully aware of the deadline; (2) he received written notice of the need to file a claim, and yet failed to act; and (3) he consistently failed to communicate with his client.

Further, the uncontroverted expert testimony revealed Brenda McDaniel's signature verifying the complaint, which respondent notarized, was a forgery. In attempting to explain this occurrence, respondent admitted he often directed his clients to sign blank verifications. While there was no direct evidence respondent *knowingly* verified a forged signature, he offered no other credible hypothesis.

## II. *The J. Michael Jenkins Matter*

Respondent and J. Michael Jenkins were partners in a home-building enterprise which they wished to dissolve. Pursuant to the dissolution agreement, respondent agreed to buy Jenkins's interest in the partnership realty for $5,000, the debt to be evidenced by a note and secured by a mortgage on the realty. After receiving the deed from Jenkins, respondent surreptitiously altered the grantee clause of the deed, so that the mortgage and the deed would not correspond. The result of the change was that the mortgage no longer secured the debt. Respondent subsequently took advantage of his misconduct by raising the altered deed as a defense in a foreclosure action.

We agree with the panel that respondent (1) neglected a legal matter entrusted to him in violation of DR6-101(A)(3) in the Brenda McDaniel matter, and (2) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR1-102(A)(4) in the J. Michael Jenkins matter. We view indefinite suspension to be the appropriate sanction. Respondent Gary M. Wood is directed to return his certificate of admission to the bar to the Clerk of this Court within five days from the notice of the filing of the order.