22589

In the Matter of Randall Edward PALMER.
(346 S. E. (2d) 23)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Senior Asst. Atty. Gen. Richard B. Kale, Jr.*, Columbia, *for complainant.*

*A. Camden Lewis*, of *Lewis, Babcock, Gregory & Pleicones*, Columbia, *for respondent.*

Heard May 20, 1986.

Decided July 7, 1986.

*Per Curiam:*

Respondent was contacted by a friend regarding medical problems that her mother was experiencing following treatment at a United States Naval Hospital. Respondent advised his friend that her mother could bring a lawsuit against the United States for medical malpractice. On February 1, 1982, the mother, who then lived in Hawaii, hired respondent to handle her case. In July of 1982, respondent advised his client that the United States Government had denied her claim under the Federal Torts Claim Act, but he had filed a 1.5 million dollar suit and was awaiting a trial date.

In October of 1982, respondent advised his client that he had rejected a $2,850 settlement offer and had advised the opposing counsel that the matter would go to trial. In December of 1983, respondent advised his friend that her mother's case would be tried the week of January 9, 1984. His client borrowed $1,500 for the trip and left Hawaii on January 6, 1984. On January 9, 1984, respondent called his client at her daughter's home and informed her that he had settled the case for $30,000 and she would receive her money in six to eight weeks.

In March of 1984, respondent contacted his client in Hawaii and told her that he had received the settlement check. Relying on this, his client paid her daughter and son-in-law's travel expenses to visit her in Hawaii. Respondent said that he would pay for the plane tickets from the settlement proceeds and give his client's daughter the check for the remainder. Respondent failed to send the check and advised his client that it had been mailed to the wrong address and returned to him. Subsequently, respondent informed his client that he had asked his mother to mail the check for him but she had forgotten.

While awaiting the settlement proceeds, his client expended $7,500 for a new car and $1,800 for new furniture. In August of 1984, she contacted respondent and demanded that her settlement proceeds be sent immediately. Subsequently, she hired another attorney to recover her settlement proceeds from Respondent. When this attorney

contacted respondent, he learned that no lawsuit had ever been filed and that the statute of limitations had run while the matter was entrusted to respondent. The plane tickets which allegedly had been paid for from the settlement proceeds were in fact charged on one of respondent's charge cards.

On August 17, 1984, respondent presented his client's daughter with three personal checks totaling $21,000 to cover the losses his client had sustained. After learning from respondent's bank that he lacked sufficient funds to cover the checks, his client's daughter returned the checks to respondent and advised him that they would accept only a cashier's check. No cashier's check was ever forwarded by respondent. Additionally, respondent never returned his client's medical records as she requested him to do.

In an unrelated matter, on September 7, 1983, another client also retained respondent to represent her in a medical malpractice action against the United States Government. She had done so on the advice of a friend of hers who was the client in the previously discussed matter. In August of 1984, having heard nothing from respondent and having learned of her friend's difficulties, this client called and asked respondent if he had filed her lawsuit. Respondent replied that he would have to review her case file. Due to the vagueness of respondent's reply, she hired another attorney to pursue her case. In fact, respondent had not filed a claim on her behalf. Respondent also failed to return this client's medical records to her.

Respondent has violated a disciplinary rule in violation of DR 1-102(A)(1); engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4); engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(5); engaged in conduct which adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6); neglected a legal matter entrusted to him in violation of DR 6-101(A)(3); failed to seek the lawful objectives of his client through reasonably available means in violation of DR 7-101(A)(1); failed to carry out a contract of employment entered into with a client for professional services in violation of DR 7-101(A)(2); and prejudiced or damaged his client during the

course of the professional relationship in violation of DR 7-101(A)(3).

It is ordered that respondent be permanently disbarred from the practice of law in this State. Respondent shall, within ten (10) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of this Court and shall comply with any other requirements set out in the Rule on Disciplinary Procedure.

Disbarred.