In the Matter of an ANONYMOUS MEMBER OF THE
SOUTH CAROLINA BAR, Respondent.

(432 S.E. (2d) 467)

Supreme Court

June 7, 1993.

## ORDER DISMISSED

In this attorney discipline action, the respondent attorney undertook to represent clients with adverse interests. We find that the conflict of interest issues were explained to one client and that the other client dismissed Respondent as his attorney before Respondent had an opportunity to advise him of the conflict after it became apparent. Accordingly, we dismiss the action. However, we take this opportunity to impress upon the bar the importance of strict adherence to the conflict rules.

The son of the complainant in this case was killed in an automobile accident. The complainant sought legal advice from the respondent attorney. The complainant stressed he was not interested in suing the tortfeasor responsible for the accident but merely sought the Respondent's assistance in obtaining

any insurance funds which may be available. Shortly after the initial consultation, the Respondent determined the tortfeasor was uninsured. Therefore, the only available insurance was the complainant's own uninsured coverage with the complainant's insurance company. The Respondent currently was representing the complainant's insurance company in other unrelated actions. The complainant's insurance company consented to the Respondent's representation of the complainant. At that point, the Respondent attempted to contact the complainant but was unable to do so. Two weeks later, the complainant wrote to the Respondent indicating he had procured other counsel.[1]

We appreciate the fact that, especially in small communities, a lawyer may be asked to represent a plaintiff in an action against a defendant who is insured by an insurance company that is a client of the attorney in an unrelated matter. Although the practice may be common and may be, in the appropriate case permitted, it nevertheless presents a conflict situation that should be carefully analyzed by the attorney under the appropriate rules governing professional ethics.

The incident at bar took place prior to this Court's adoption of the Rules of Professional Conduct, and thus the applicable rule was Canon 5, DR 5-105 of the South Carolina Code of Professional Responsibility. Under DR 5-105, a lawyer must decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, unless it is obvious that he can adequately represent the interest of each client and each client consents to the representation after full disclosure of the possible effects of such representation on the exercise of the attorney's independent professional judgment on behalf of each client.

Under the new Rules of Professional Conduct,[2] a ■ lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes the representation will not adversely affect the relationship with the other client and

---

[1] Other conflicts were alleged but were either appropriately consented to or not supported by the record.

[2] Adopted by this Court on January 9, 1990 and made effective on September 1, 1990.

each client consents after consultation. Rule 407, SCACR, Rule 1.7. Once the conflict is determined to be subject to client consent, the lawyer must obtain consent only after consultation. Rule 1.7. Written consent, although not required by the rules, is preferable. The burden of proving consent rests with the attorney and will not be presumed.

Rule 1.7 clarifies DR 5-105(A) by requiring that, independent of the client's consent, the attorney's representation of one client must reasonably appear not to be adversely affected by the representation of the other. This language replaces the former ambiguous requirement that it must be "obvious that the attorney can adequately represent the client."[3] Furthermore, Rule 1.7 clarifies the standard as an objective test. The rule's corresponding comments instruct that "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent." Rule 1.7 comment.

---

[3] The confusion results from the fact that DR 5-105 is only called into play if a client will be or is likely to be adversely affected. If this requirement is satisfied, it is difficult to see how it can also be "obvious that [the lawyer] can adequately represent the interest of each." *See In re Porter*, 283 Or. 517, 584 P. (2d) 744 (1978). The inconsistency is reduced some by a presumption of an adverse effect when an attorney takes an adversarial position toward another client. *Bankers Trust v. Bruce*, 283 S.C. 408, 418 n. 1, 323 S.E. (2d) 523, 530 n. 1 (Ct. App. 1984).