24198

In the Matter of M.M. WEINBERG, III, Respondent.

(454 S.E. (2d) 316)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Deputy Atty. Gen. J. Emory Smith, Jr.*, Columbia, *for complainant.*

*Nathan M. Crystal*, Columbia, *for respondent.*

Submitted Jan. 10, 1995.

Decided Feb. 13, 1995; Reh. Den. Mar. 8, 1995.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to an eighteen (18) month suspension from the practice of law in this State. We accept respondent's admission and suspend him for eighteen (18) months, retroactive to September 22, 1994, the date this Court temporarily suspended him from the practice of law.

The ethical violations committed by respondent arise from a number of matters in which he failed to bring a lawsuit, failed to file a workers' compensation claim, or failed to serve a requested notice of appeal on behalf of his client within the applicable limitation period. In many of those cases, respondent misrepresented to the clients that he had instituted an action or appeal on their behalf when in fact he had not. In other cases, respondent misrepresented to clients that he had settled their case when he had not done so. In those instances, respondent would pay the client the amount of the alleged settlement out of his personal funds.

In one matter, respondent failed to inform the client that summary judgment had been entered against her on one cause of action, but instead told her, when she inquired, that the case was being called to trial the following week. When she arrived for trial, respondent informed his client that he had lied to her. Respondent then removed the remaining cause of action from the roster and failed to re-serve the action within the applicable statute of limitations period. Thereafter, respondent forged a circuit court judge's name on an

order stating that the parties to the action had agreed to settle. When another circuit court judge confronted respondent about the order, respondent denied knowledge of it. Respondent informed the judge that a settlement had been reached, which was not true.

Further, in a matter in which respondent settled a personal injury claim for a client, respondent misrepresented to the client that the client's insurance company would pay his medical expenses.

Finally, in a workers' compensation case in which respondent failed to file a Form 50 for temporary benefits for his client, he misinformed the family court concerning the status of the client's workers' compensation case during hearings on the client's child support payments.

Respondent admits that he has engaged in misconduct by neglecting and incompetently handling client matters in violation of Rules 1.1 and 1.3 of the Rules of Professional Conduct contained in Rule 407, SCACR. In addition, respondent admits that he failed to communicate with clients as required by Rule 1.4. Finally, respondent violated Rules 3.3 and 8.4 by misrepresenting matters to clients and tribunals. In mitigation, respondent has presented medical evidence that these violations occurred while he was suffering from major depression, and that since that time, he has been receiving treatment.

It is therefore ordered that respondent shall be suspended from the practice of law in this State for a period of eighteen (18) months, retroactive to September 22, 1994. Before respondent is reinstated, he will be required to be screened by the Committee on Character and Fitness as required by Paragraphs 39 through 41 of Rule 413, SCACR. Respondent shall file an affidavit with the Clerk of Court, within ten (10) days of service of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.

FINNEY, C.J., not participating.