491 S.E.2d 257

**In the Matter of Terry A. TREXLER, Respondent.**

No. 24693.

Supreme Court of South Carolina.

Heard Aug. 18, 1997.
Decided Sept. 22, 1997.

John C. Land, III, of Land, Parker & Reaves, P.A., Manning, for Respondent.

316

Charles Molony Condon, Attorney General, and James G. Bogle, Jr., Senior Assistant Attorney General, Columbia, for Complainant.

PER CURIAM:

In this disciplinary matter, two complaints have been filed against Terry A. Trexler ("Attorney").

## Borden Matter

In May 1994, Attorney was representing Tammy Finkbeiner against Kelly Timmons. Finkbeiner's case was called by the family court on May 31, 1994 at 2:45 p.m. At the hearing, the court inquired whether the defendant Kelly Timmons had been served. Attorney submitted an affidavit of personal service, signed by a process server, stating the pleadings had been left with Angela Timmons at 4460 Nazarene Church Rd., Sumter, S.C. The affidavit was notarized by Attorney. The hearing was adjourned after the court found that service of process was insufficient (because there had been no indication that Angela Timmons was a person of discretion residing at 4460 Nazarene Church Rd.).

At 3:00 p.m. on the same day, the family court case of Shirl Ann Borden v. Raymond Borden, Jr. was called. Attorney represented the plaintiff. The affidavit of personal service had stated that the pleadings had been left with Evelyn B. Garrett at 1831 Pinewood Rd., Sumter, S.C. Attorney was the notary on the affidavit. During the break between the two hearings, Attorney had added to the affidavit, "Mr. Raymond Borden, Jr. resides with Evelyn B. Garrett at this address." At the second hearing, the court asked Attorney whether he had just added these words to the affidavit, to which Attorney responded that he had. The court refused to hear the matter.

Before the Panel, Attorney testified that between the hearings he had gone outside the courtroom where the process-server was standing. There, he added to the notarized affidavit, with the process-server's permission, the words "Mr. Raymond Borden, Jr. resides with Evelyn B. Garrett at this address."

The complaint filed against Attorney alleged that he had committed misconduct in violating the Rules of Professional

Conduct, Rule 407, SCACR, specifically Rule 3.3 and Rule 8.4. In his answer, Attorney admitted the allegations against him, but denied that his actions constituted misconduct. The Panel concluded that the misconduct charged in the complaint had been proved by clear and convincing evidence. It specifically found that Attorney had violated Rule 3.3 (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal); and Rule 8.4 (it is unprofessional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

### Harvey Matter

Attorney represented Eleanor Harvey in an action to recover damages from a construction company that had performed work on Harvey's residence. The case was set to be heard before a Master in Equity on March 3, 1994, at 10:00 a.m. Attorney failed to appear for the hearing, and the action was dismissed under former Rule 40(c)(3), SCRCP. Attorney had called the Master's office before the scheduled hearing, but had not left any message with the answering service.

There is no indication that Attorney requested a rehearing, moved to restore, or appealed the dismissal. Attorney did not inform Harvey that he had missed the hearing or that the matter had been dismissed, but told her that the Master had decided the case was frivolous and should be settled out of court. On July 25, 1994, Attorney refiled the same action. The matter was dismissed in December 1994 on the basis of the running of the statute of limitations. Attorney did not inform Harvey of the dismissal.

Some time later, Harvey called Attorney to ask about the status of her case. He indicated that he was still waiting for the court. Unexpectedly, a few weeks later, Harvey received a settlement offer of $10,000.00 from Attorney. In her testimony before the Panel, in response to the question whether the $10,000.00 had made her whole, Harvey stated, "I accepted that." She signed a release. As a result of the second action that Attorney filed, the defendants filed a counterclaim against Harvey. Attorney paid $2000.00 out of his own funds to settle this counterclaim.

The complaint alleged that Attorney violated Rules 1.1, 1.3, and 1.4 of Rule 407, SCACR. As to the Harvey matter, Attorney fully admitted the allegations of professional misconduct against him. The Panel concluded that all three Rules had been violated: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); and Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

## Thomason Matter

Attorney represented Henry Thomason and Eugene Makovitch in an action that had been brought against them. The plaintiff had been attacked by several dogs. Thomason and Makovitch each owned a dog involved in the attack. Attorney was retained first by Thomason, and then by Makovitch. Thomason testified that Attorney did not discuss the potential for a conflict of interest as a result of Attorney's joint representation of Thomason and Makovitch.

He advised both of them that they would be liable. A settlement was negotiated, and both Thomason and Makovitch signed a confession of judgment for $20,000.00. After supplemental proceedings on the judgment were instituted, Makovitch settled for $3,000.00 and a tract of land.

In the complaint against Attorney, it was alleged that he violated Rule 1.7(a), which prohibits representation of clients where the interest of one client would be directly adverse to the interest of another. Attorney fully admitted the allegations of professional misconduct against him. The Panel found that Rule 1.7 was violated; however, the result reached by Attorney was good for both parties. It concluded that the interests of the clients were not actually harmed.

## Sanction

The Panel recommended a sanction of public reprimand. The Interim Review Committee adopted the Panel's findings of fact and conclusions of law, but disagreed with the recommended sanction. By a vote of 3 to 2, the Committee recommended Attorney be suspended for ninety days. Two members of the Committee voted for a seven month suspension.

We agree with the conclusion of the Panel and impose a public reprimand.

In relation to the Borden matter, Attorney testified, and the process-server confirmed, that Attorney added the words to the affidavit in the process-server's presence and with his permission. This evidence was uncontradicted. Moreover, at the hearing, when the court asked Attorney if he had added the words to the affidavit, Attorney truthfully responded that he had. Thus, we do not see how Attorney has made a false statement to a tribunal. This is in contrast to other cases where sanctions have been imposed upon attorneys for submitting affidavits that were false in substance or in the formalities of signing. *See In re Jack Francis McGuinn*, 272 S.C. 366, 252 S.E.2d 122 (1979) (attorney publicly reprimanded where he signed his secretary's signature as notary public on two affidavits submitted to a court); *In re John E. Bishop*, 263 S.C. 289, 210 S.E.2d 235 (1974) (attorney publicly reprimanded where he submitted an affidavit that was false in certain material particulars). Hence, we do not find misconduct as to the Borden matter and dismiss this complaint.

In connection with the Harvey matter, the following cases are somewhat analogous:

In *In re Randall Edward Palmer*, 289 S.C. 264, 346 S.E.2d 23 (1986), the attorney misrepresented to a client on a number of occasions that her case was proceeding and that he had finally settled the matter for $30,000.00. The client incurred major expenses in reliance on attorney's representation that he had received the settlement check. When she did not receive the proceeds, she hired another attorney who discovered that no lawsuit had ever been filed and that the statute of limitations had run on the matter. We disbarred Palmer for this and other misconduct. In *In re Gary Michael Wood*, 278 S.C. 431, 298 S.E.2d 89 (1982), the Court indefinitely suspended an attorney who had failed to file a verified claim in a personal injury action against a governmental agency, leading to the claim being dismissed. The client's signature verifying the complaint, notarized by the attorney, was a forgery. Additionally, in another matter, the attorney had altered a deed so that the mortgage would no longer secure the debt; he took advantage of this in a subsequent foreclosure action.

An eighteen month suspension was imposed in *In re M.M. Weinberg, III,* 317 S.C. 300, 454 S.E.2d 316 (1995). The attorney's misconduct occurred in the course of a number of matters in which he failed to bring a lawsuit or failed to serve a requested notice of appeal. He misrepresented to clients that he had instituted an action or appeal on their behalf or settled the case when he had not. In *In re Alan Joel Davis,* 276 S.C. 532, 280 S.E.2d 644 (1981), the attorney represented to at least five different clients that he had brought actions on their behalf when, in fact, he had never filed suit. These misrepresentations caused extensive delays, up to four years. In two other instances, he failed to act, causing a delay in one case of 8½ years. Three justices on the Court voted to publicly reprimand Davis.

These cases obviously illustrate the wide range of sanctions the Court has imposed for conduct of this nature. Although Attorney's misconduct is very serious, it appears less reprehensible than those forming the basis of the sanctions in *Palmer, Wood, Weinberg,* and *Davis.* To his credit, Attorney did out of his own pocket offer to Harvey $10,000.00, an amount which she found acceptable; additionally, he settled the counterclaim at no cost to her.

In relation to the Thomason matter, *In re Anonymous Member of the S.C. Bar,* 315 S.C. 141, 432 S.E.2d 467 (1993) is relevant. In that case, we dismissed the action where the attorney undertook to represent clients with adverse interests, but where the conflict of interest issues were explained to one client, and the other client dismissed the attorney before the attorney had an opportunity to advise him of the conflict.

In the present case, there could have existed a conflict of interest [1] between Attorney's two clients, given that both had dogs in the attack. The proper course would have been for Attorney to have secured the clients' consent before jointly

---

1. Rule 1.7 provides:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> (1) The lawyer reasonably believe[s] the representation will not adversely affect the relationship with the other client; and
> (2) Each client consents after consultation.

representing them. It does not appear, however, that the clients were prejudiced as a result of the joint representation, as favorable settlements were ultimately secured for both.

In sum, we conclude that an appropriate sanction in this case is a public reprimand. Although we are very concerned by Attorney's actions, we take into account the factors of his complete admission, his inexperience, and the lack of prejudice to his clients. Attorney fully admitted the charges against him. Moreover, these incidents occurred at the very start of Attorney's career when he immediately began, out of law school, a solo private practice. Additionally, we observe that the clients in these matters were not harmed by Attorney's misconduct.

Accordingly, Terry A. Trexler is hereby publicly reprimanded.

PUBLIC REPRIMAND.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client. . . .

The Comments to this Rule declare that paragraph (a) prohibits "representation of opposing parties in litigation"; whereas, paragraph (b) governs "[s]imultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants." It would appear that Attorney's misconduct in the present case would fall under (b); however, the complaint against him alleges violation of (a). Nevertheless, Attorney has admitted the allegations against him.