499 S.E.2d 809

**In the Matter of Richard L. CELSOR, Respondent.**

No. 24780.

Supreme Court of South Carolina.

Heard March 4, 1998.
Decided April 13, 1998.

Attorney General Charles M. Condon, Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

S.R. Anderson, of Anderson & Jordan, Columbia, for respondent.

PER CURIAM:

This is an attorney disciplinary matter.[1] The hearing Panel found respondent violated Rule 1.1, of Rule 407, SCACR, by handling legal matters he was not competent to handle and failing to secure a power of attorney to sign a client's name on legal documents; Rule 3.3, of Rule 407, SCACR, by making false statements to the circuit and probate courts and engaging in conduct which involves misrepresentation and is prejudicial to the administration of justice; and Rule 413, SCACR, ¶¶ 5A and E, by violating the oath of office and demonstrating a lack of professional competence. The full Panel adopted the hearing Panel's report and recommendation of a public reprimand. We agree with the findings and conclusions made by the Panel. We further agree the appropriate sanction is a public reprimand.

## *DISCUSSION*

■ Respondent's admitted misconduct centers around his handling of a probate matter and a related wrongful death action. Bonnie Faye Rish was murdered in Richland County in December 1991. Her only survivor was her minor daughter, Joli Denise Rish. Joli turned eighteen years old on

---

1. Respondent moved to Clarksville, Tennessee and, at the time of the Panel hearing, he was a member of the Tennessee bar.

October 11, 1992. Respondent represented Joli in the probate of Bonnie's estate. Respondent also filed a wrongful death action in circuit court on behalf of Joli on October 6, 1994. The action was brought in Joli's name as personal representative of Bonnie's estate.[2] In the wrongful death action, respondent alleged that Joli had been appointed personal representative of her mother's estate. However, the petition for appointment was not filed until July 1995 and Joli was not appointed until August 7, 1995. The Panel found respondent made a misrepresentation to the court.

The Panel also found respondent was incompetent in his handling of the probate and wrongful death actions. Respondent testified that he was unaware that the only person authorized to commence a wrongful death action was the duly appointed personal representative of the decedent's estate.[3]

Respondent contends the complaint in this disciplinary matter did not allege he was incompetent to handle the wrongful death action and the probate matters. The complaint, however, encompasses this finding of misconduct. It is not a new matter—the entire disciplinary proceeding stemmed from respondent's handling of these actions. More importantly, it is respondent who admitted he basically did not know what he was doing. He testified that he had never handled a probate matter or a wrongful death action. Even though he testified he spent two years researching the law prior to filing the wrongful death action, he still did not follow the proper procedure.

---

**2.** *Joli Rish as Personal Representative of the Estate of Bonnie Rish, Plaintiff v. John Dinkins and Mitchell Barkoot, Sr., d/b/a Bullwinkle's Lounge, Defendants* (Civil Action No. 94–CP–40–3710).

**3.** "The right of action for wrongful death ... may be brought only by the executor or administrator of such deceased person. The provision that a wrongful death action shall be brought only in the name of the administrator or executor of the estate of the deceased means the legally appointed administrator or executor of the estate of the deceased person.... [A]n appointment by the Probate Court [is] necessary to give the administratrix authority to act, and in the absence thereof, she had no legal capacity to institute this wrongful death action." *Glenn v. E.I. DuPont De Nemours & Co.,* 254 S.C. 128, 130, 174 S.E.2d 155, 157 (1970) (Citations omitted).

As to the improper signing and notarizing, in the beginning of 1996, respondent filed several documents with the probate court regarding Bonnie's estate. A probate court clerk questioned respondent about Joli's signature appearing differently on several documents. Respondent admits signing Joli's name on several documents and he also admits he notarized the signature. He claims he signed Joli's name because he had an oral power of attorney allowing him to sign her name. A Power of Attorney dated January 3, 1996, was presented to the probate court. However, several documents signed and notarized by respondent were filed prior to January 3, 1996.

The Panel found respondent had committed misconduct by improperly signing Joli's name without a valid power of attorney, notarizing the signature, and making misrepresentations to the courts.[4] At the Panel hearing, it was pointed out to respondent that even with a power of attorney, he should have signed indicating he was signing under this power.[5] He responded, "I really didn't think the extraneous language was necessary."

▇ Respondent contends he improperly signed and notarized only one document, the initial petition to have Joli appointed as personal representative dated July 20, 1995, and filed on August 7, 1995. He contends he signed and notarized the Inventory and Appraisement form on February 16, 1996, after Joli had signed the Power of Attorney on January 3, 1996. He further contends he had verbal permission to sign Joli's name from the very beginning of his representation of her when she was only seventeen. However, Joli testified that although she was aware that respondent was going to take care of things, she was unaware that he would be signing her name. Further, "there is considerable authority to the effect that a minor's appointment of an agent or attorney and the acts under such appointment are not merely voidable, but void, on the theory that the minor cannot impart a power to others which he does not himself possess." 3 Am.Jur. *Agency*

---

4. Judge Katherine Kennedy filed a letter of complaint with the Board regarding the signatures on the probate documents.

5. S.C.Code Ann. §§ 26-3-60 and -70 (1991) provide that a notary should state in the acknowledgment form that a person is signing as an attorney in fact.

§ 10 (1986). Additionally, a power of attorney should be evidenced by an instrument in writing. 3 Am.Jur. *Agency* § 23 (1986). Thus, Joli could not have given a valid verbal power of appointment when respondent first began representing her. Further, as noted above, respondent should have signed indicating he was acting under a power of attorney.

In its report, the hearing Panel stated that if this disciplinary action were governed by the "old rules," [6] it would recommend a private reprimand.[7] Respondent contends he is being treated unfairly because this disciplinary action was begun under the old rules and, therefore, he should be sanctioned under the old rules. Although we cannot issue a private reprimand under the new rules, we can issue a "letter of caution" under the appropriate circumstances.[8] However, respondent's misconduct does not merit a letter of caution. His misconduct warrants a public reprimand.

In *In re Powell*, 325 S.C. 21, 478 S.E.2d 685 (1996), we accepted a conditional admission to a public reprimand for illegally forging and notarizing the signature of clients and failing to act with diligence and promptness in filing a certificate of title. In *In re McGuinn*, 272 S.C. 366, 252 S.E.2d 122 (1979), we imposed a public reprimand for false notarizations of signatures. A recent increase in the disciplinary actions involving improper notarizations greatly concerns us and we note as in *McGuinn*, we are "shocked by respondent's abuse of the office of notary public. A notary is a public officer, who, by his hand and seal, authenticates certain classes of documents. The credibility of notarized documents is essential to the viability of our legal system." *Id.* at 367, 252 S.E.2d

---

**6.** Respondent is referring to the former Rule 413, SCACR. This rule was entirely re-written effective January 1, 1997.

**7.** We are not bound by the Panel's recommendation. *Burns v. Clayton*, 237 S.C. 316, 117 S.E.2d 300 (1960). We are required after a thorough review of the record to administer the sanction we deem appropriate. *In re Kirven*, 267 S.C. 669, 230 S.E.2d 899 (1976).

**8.** On August 7, 1997, the rules were amended to provide for a sanction known as a "letter of caution." A letter of caution is defined as "a sanction imposed for minor misconduct not warranting the imposition of a private admonition or deferred discipline agreement." ¶ 2(p) of Rule 413, SCACR.

502

at 123 (citations omitted). Further, when, as here, the documents are then submitted to a court, the respondent compounds the dishonesty and commits a fraud upon the court. We caution the members of the bar who are also notaries that the duties required of the office of notary should not be taken lightly.

We find respondent's misconduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his misconduct.

**PUBLIC REPRIMAND.**