THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 
 Travelers Home Mortgage Services, 
 Inc.,        Respondent,
 
 
 

v.
 
 
 
 
 Johnel Mosley and Ernest Mosley,        
 Defendants,
 of whom Ernest Mosley is        
 Appellant.
 
 
 

Appeal From Orangeburg County
 Olin D. Burgdorf, Master-In-Equity

Unpublished Opinion No. 2004-UP-497
 Submitted September 15, 2004  Filed September 30, 2004

AFFIRMED

 
 
 
 
 Edward D. Sullivan, of Columbia, 
 for Appellant.
 Louis H. Lang, and Demetri 
 K. Koutrakos, of Columbia, for Respondent.
 
 
 

 PER 
 CURIAM:  Travelers Home Mortgage 
 Services, Inc. brought this declaratory judgment action against Johnel Mosley 
 and Ernest Mosley seeking a declaration that a deed executed by Johnel as purported 
 attorney-in-fact for Ernest was valid.  The trial court found for Travelers 
 on its motions for default judgment and summary judgment.  We affirm. 1
FACTS          
 
The subject property is located at 
 1432 Pepper Lane, Orangeburg, South Carolina.  In 1985, Ellis and Son, Inc. 
 conveyed the property to Ernest and his wife, Shirley Mosley.  In 1995, Shirley 
 conveyed her interest in the property to her brother-in-law, Johnel, for $17,000.  

The deed at issue in this case was 
 executed on March 20, 1996.  The deed purported to convey Ernests interest 
 in the property to Johnel.  It is signed by Ernest Moseley2 by Johnel Moseley attorney-in-fact 
 for Ernest Moseley.  Ernest was incarcerated in federal prison at the time 
 Johnel executed the 1996 deed.  
On April 23, 1996, Johnel executed 
 a mortgage on the property with Cityscape Corporation in the original principal 
 amount of $42,000.  Johnel subsequently refinanced the debt on the property 
 by executing a mortgage for $61,000 to Collinbrook Mortgage Corporation on January 
 23, 1998.  From the proceeds of the loan secured by this mortgage, Johnel paid 
 $42,000 to satisfy the Cityscape mortgage.  Collinbrook assigned the 1998 mortgage 
 to Travelers.  
Johnel defaulted on the loan secured 
 by the Travelers mortgage and Travelers foreclosed.  Travelers was the successful 
 bidder at the foreclosure sale and the master issued a masters deed conveying 
 the property to Travelers.  
On May 29, 2001, Travelers filed the 
 present action against Johnel and Ernest seeking a declaratory judgment that 
 the 1996 deed executed by Johnel as attorney-in-fact for Ernest was valid and 
 conveyed the property in fee simple absolute to Johnel such that any interest 
 Ernest had in the property was extinguished.  Travelers served Johnel on July 
 28, 2001.  Johnel failed to file an answer, notice of appearance, or other pleading.  
 Travelers served Ernest on August 30, 2001, at the federal prison in Yazoo City, 
 Mississippi.  Ernest responded with a letter to Travelers that was filed with 
 the court.  In the letter Ernest stated that he was involved with Johnel in 
 a lawsuit over Johnels illegal signing of Ernests name.  
In October of 2001, Travelers filed 
 and served an amended complaint.  Neither Johnel nor Ernest answered; therefore, 
 Travelers filed affidavits of default.  Travelers filed a petition seeking a 
 guardian ad litem (GAL) appointment for Ernest pursuant to Rule 17(c), SCRCP,3 due to his incarceration.  Edward D. Sullivan was appointed GAL 
 for Ernest.  The GAL filed a motion to set aside Ernests default and for leave 
 to file responsive pleadings.  The GAL also filed an answer to the amended complaint 
 with a counterclaim seeking a declaration that the subject property belonged 
 to Ernest.  Travelers filed a motion for default judgment against Ernest and 
 Johnel, or in the alternative, for default judgment against Johnel and for summary 
 judgment against Ernest.  The GAL filed a cross-motion for summary judgment.  

The trial court granted Travelers 
 motion for default judgment, or alternatively, for summary judgment and denied 
 Ernests motion for summary judgment.  The court also ruled as an alternative 
 Travelers would be entitled to equitable subrogation in the amount of $42,000, 
 which essentially operates as an equitable lien on Ernests 50% undivided interest.  
 This appeal followed.   
STANDARD OF REVIEW
When reviewing the grant of a summary 
 judgment motion, the appellate court applies the same standard which governs 
 the trial court under Rule 56(c), SCRCP: summary judgment is proper when there 
 is no genuine issue as to any material fact and the moving party is entitled 
 to judgment as a matter of law.  Baril v. Aiken Regl Med. Ctrs., 352 
 S.C. 271, 279-80, 573 S.E.2d 830, 835 (Ct. App. 2002).  The evidence should 
 be viewed in the light most favorable to the non-moving party.  Id. at 
 280, 573 S.E.2d at 835.
LAW/ANALYSIS
Ernest argues the deed to Johnel was 
 void ab initio because there was no written, recorded power of attorney 
 granting Johnel authority to execute the deed.  Ernest is correct that 
 a power of attorney should be evidenced by an instrument in writing. In 
 the Matter of Celsor, 330 S.C. 497, 501, 499 S.E.2d 809, 811 (1998) (citing 
 3 Am.Jur. Agency § 23 (1986)).  However, even if Johnel did not 
 act pursuant to a valid power of attorney in executing the deed as attorney-in-fact 
 for Ernest, Ernest ratified the transfer in his complaint in a lawsuit he filed 
 against Johnel, in which Ernest admitted he had agreed to transfer the property 
 to Johnel.  
One whose name has been signed to an instrument without 
authorization may ratify the signature and become bound thereby.  3 Am.Jur.2d 
Agency § 188 (2002). Ratification, as it relates to the law of agency, 
means the express or implied adoption and confirmation by one person of an act 
or contract performed or entered into in his behalf by another who at the time 
assumed to act as his agent.  Lincoln v. Aetna Cas. & Sur. Co, 
300 S.C. 188, 191, 386 S.E.2d 801, 803 (Ct. App. 1989).  The three essential elements 
required to prove ratification are:  (1) acceptance by the principal of the benefits 
of the agents acts; (2) full knowledge of the facts; and (3) circumstances or 
an affirmative election indicating an intention to adopt the unauthorized arrangements.  
Id. 
 
 On April 7, 2000, Ernest filed a pro se action against Johnel 
 alleging the following in his complaint: 
 
 22.  Around the beginning of 1996, 
 the Plaintiff Ernest Mosely, needing $10,000.00 to pay for some legal expenses, 
 arranged with the Defendant Johnel Mosely to obtain a $30,000.00 mortgage 
 on the Pepper Lane property.  Of this amount, $10,000.00 was to be given to 
 Ernest Mosely, $10,000.00 was to be distributed to Ernests wife  Shirley 
 Mosely, and Johnel Mosely was to keep $10,000.00 for himself.  
 23.  In order to facilitate 
 the obtaining of the mortgage and due to Ernest Moselys incarceration, Ernest 
 Mosely agreed to transfer title to the Pepper Lane property to Johnel Mosely, 
 with Johnel Moselys promise that when Ernest Mosely was released from incarceration, 
 Johnel Mosely would transfer title of the property back to Ernest Mosely.

Ernests
complaint in the 2000 lawsuit clearly shows Ernest knew of the transfer of
property, approved it, and reaped the benefits of it. 
Ernest accepted the benefits of Johnels act by receiving $10,000 for
himself and another $10,000 for his wife as a result of the Cityscape mortgage.  In addition, Ernests 2000 complaint which states he
agreed to transfer title to the Pepper Lane property shows Ernest had full
knowledge of Johnels act of conveying the property to himself. 
While
Ernest argues he was unaware of or did not ratify Johnels act of encumbering
the property in excess of $30,000 for the Cityscape mortgage or $61,000 for the
Travelers mortgage, this argument does not go to the issue at handwhether a
valid transfer of property occurred.  The
only issue to be determined in this litigation is whether the deed validly
transferred the property to Johnel. We
conclude it did.Whether Ernest
received the proper share of the Cityscape mortgage proceeds is not for this
court to determine in the present action. 

Based
on our decision that the trial court properly granted Travelers motion for
summary judgment, we do not reach the remaining issues on appeal regarding
default and equitable subrogation. See
Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
S.E.2d 591, 598 (1999) (stating appellate court need not review remaining issues
when disposition of prior issues are dispositive).
 

CONCLUSION 

For
the foregoing reasons, we find the 1996 deed validly conveyed the property from
Ernest to Johnel.  Accordingly, the
decision of the trial court is

AFFIRMED.
HEARN, C.J., and HUFF and KITTREDGE, JJ., concur.

 
 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.
 
 
 2 
 Different spellings of the Appellants last name are found throughout 
 the record.  For consistency, the court uses the spelling used in the 
 caption of the case, with the exception of quoted material.
 
 
 3 This rule provides in pertinent part, A person imprisoned 
 outside this State shall appear by guardian ad litem in an action by or 
 against him . . . .